IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERMILO PALMERIN-ZAMUDIO,<br><br>Defendant.<br>                                                            / | No. CR 12-00532 WHA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Defendant filed a motion for leave to file a motion for reconsideration of the October 30 order denying defendant's motion to dismiss the indictment (Dkt. No. 20). A party seeking leave must demonstrate "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the October 30 order]." Prior to the October order, the parties fully briefed defendant's motion, presented oral argument at a hearing, and filed supplemental briefs. Defendant contends, however, that the Court failed to consider the following two arguments:

*First*, defendant argues that the October order failed to consider defendant's argument that he was prejudiced by his counsel's admissions, made on defendant's behalf, at his removal hearing before the immigration judge. Defendant states that he "attempted to argue that he was prejudiced by his attorney's failings, because if his attorney had denied deportability on the controlled substance charge he would not have been deportable on that allegation and would therefore have been able to apply for § 212(c) relief." (Dkt. No. 23). Defendant's proposed motion for reconsideration rehashes arguments previously presented to the Court. Moreover,

following the hearing, supplemental briefing was requested and received that further addressed defendant's ineffective assistance of counsel claim. Defendant's arguments regarding ineffective assistance of counsel and prejudice were previously considered and rejected. Defendant's motion for leave to file a motion for reconsideration of the ineffective assistance of counsel claim is **DENIED**.

*Second*, defendant argues that the October order failed to consider defendant's eligibility for voluntary departure under 8 U.S.C. 1229c(a), which provides for voluntary departure relief prior to the conclusion of removal proceedings. Defendant admits that voluntary departure under this provision was never specifically presented to the Court in any of the prior briefs or at oral argument. Instead, defendant generally claimed that voluntary departure was available and did not specify to which statute provisions, if any, his arguments referred. As stated in the October order, "[d]efendant [did] not specify whether he claims he should have been eligible for voluntary departure under the pre-IIRIRA provision, Section 1254(e), or under the post-IIRIRA provision of Section 1229c." The order held that defendant was statutorily barred from seeking voluntary removal relief under Section 1254(e) or 1229c(b)(1) because of his prior conviction for possession of a controlled substance.

Defendant now contends that the arguments he presented were directed towards pre-conclusion voluntary departure under Section 1229c(a). None of defendant's prior arguments even identified pre-conclusion voluntary departure relief, much less a specific statute provision. By failing to so specify, defendant attempted to benefit from the government's sparse opposition and preserve each option, though *none* were specifically addressed in defendant's arguments. The Court is troubled by what appear to be intentional omissions and lack of clarity in defendant's prior briefing.

Leave to file a motion for reconsideration with respect to pre-conclusion voluntary departure under Section 1229c(a) is granted, without prejudice to the serious issue of whether defense counsel should have clearly laid out his argument from the outset, and whether this is a proper reason for reconsideration of a prior order. The government's response should address these issues in addition to the merits. The brief should also address whether the reasoning of our

2

court of appeals' decision in *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 853 (9th Cir. 2006) should apply here. In *Lopez-Castellanos*, the court of appeals determined that, under *St. Cyr* and *Landgraf*, "to deprive Lopez-Castellanos of eligibility for discretionary relief would produce an impermissible retroactive effect for aliens who, like Lopez-Castellanos, were eligible for a discretionary waiver at the time of the plea." *Ibid.* Furthermore, if the government contends that no immigration judge would have allowed defendant to depart voluntarily as a discretionary matter under Section 1229c(a), it should "present evidence to demonstrate that the procedural violation could not have changed the proceedings' outcome." *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1205 (9th Cir. 2004).

The government's response to the motion for reconsideration is due by **NOON ON NOVEMBER 30.** The reply is due by **NOON ON DECEMBER 7.** The hearing is scheduled for **DECEMBER 18 AT 2:00 P.M**. This does not affect the schedule for trial.

**IT IS SO ORDERED.**

Dated: November 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE