IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

HERMILO PALMERIN ZAMUDIO,

    Defendant.

No. CR 12-00532 WHA

**ORDER RE MOTIONS IN LIMINE**

Having considered the parties' briefs and following the final pre-trial conference, the Court rules as follows on the motions in limine. The rulings herein are subject to the caveat that defendant may open the door to evidence that would otherwise be inadmissible.

**Government's Motion in Limine No. 1 to Admit Certain Exhibits**

The government seeks to admit certain documents contained in defendant's alien file ("A-file"). Defendant does not object to the admission of Exhibits three, four, or five.

Exhibit 1: This document is a partially redacted "Record of Deportable Alien, Form I-213," dated August 14, 2000. Defendant argued that the document is essentially a police report and is inadmissible as hearsay and lacking foundation. This order does not agree with the government's argument that everything in an A-file is automatically admissible as a document of public record. **EXHIBIT 1 IS EXCLUDED** as containing inadmissible hearsay and is not necessary for the government to prove its case.

Exhibit 2: This document is a partially redacted "Notice to Appear," dated August 14, 2000. As this notice is a charging document that is analogous to an indictment, **IT IS EXCLUDED** as hearsay.

Exhibit 6: This document is a partially redacted Form I-213 dated April 23, 2012. The government stated that it will call the officer who signed the document to testify. The Court will defer ruling on the admissibility of this document until after hearing the officer's testimony on this issue.

Exhibit 7: This document is a statement by defendant dated June 22, 2012. Because the government stated that it will call the officer who took the statement, defendant's objection is **OVERRULED AS MOOT**.

Exhibits 8 and 9: Defendant does not object to admitting the first page of exhibits eight and nine, which depict fingerprints. Defendant did, however, object to admitting the second page of the exhibits, which contain statements such as "tat back arms and legs," "date of offense: 08132000," and "place of birth (state or country): Michoacan, Mexico." The government stated that it is willing to redact the statements, except for those statements referncing Mexico. The parties also indicated that they may reach a stipulation regarding defendant's citizenship that would moot this issue. The provisional ruling is that the second page of exhibits eight and nine should be redacted, except that the references to Mexico will likely be admissible.

**Government's Motion in Limine No. 2 to Preclude Certain References**

Defendant stated that he will not introduce evidence related to (1) belief that his reentry and presence in the United States was lawful, (2) the legality of defendant's prior removals (3) reasons for re-entry, and (4) potential penalties. The government's motions to preclude references to these topics are therefore **DENIED AS MOOT**.

Counsel for defendant stated that he was not presently aware of what evidence, if any, defendant may seek to introduce regarding defendant's biographical information and status as a lawful permanent resident. As regards defendant's status as a lawful permanent resident, **DEFENDANT MUST FIRST OBTAIN** the Court's permission to bring this up.

**Defendant's Motions in Limine**

Defendant's motion to exclude evidence of defendant's prior convictions is granted, unless defendant himself opens the door to this evidence.

1 The request to unseal defendant's grand jury transcripts is granted. The government
2 agreed to produce the transcripts to defendant.

3 Counsel will be allowed to conduct voir dire after the Court's voir dire.

4 Exclusion of any documents not yet produced by the government in discovery will be
5 considered if and when any such issues are raised by the parties.

6 Witnesses will be excluded from the courtroom, with the exception of defendant and the
7 government's representative (here, the case agent).

8 The jury will be provided with individual copies of the jury instructions while they are
9 deliberating.

11 **IT IS SO ORDERED.**

13 Dated: January 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3